Ronald L. Richman, SBN 139189
Susan J. Olson, SBN 152467
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California 94108
Telephone: 415.352.2700
Facsimile: 415.352.2701
E-Mail: ron.richman@bullivant.com
E-Mail: susan.olson@bullivant.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CEMENT MASONS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE CEMENT MASONS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; BOARD OF TRUSTEES OF THE CEMENT MASONS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; AND BOARD OF TRUSTEES OF THE CEMENT MASONS TRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiffs,<br><br>v.<br><br>ALL WEST CONSTRUCTION, INC., a California corporation,<br><br>Defendant. | Case No.: C 09-01732 JSW<br><br>**STIPULATION TO STAY ACTION FOR 60 DAYS; ORDER THEREON** |

**STIPULATION**

IT IS HEREBY STIPULATED by and between Plaintiffs Boards of Trustees of the Cement Masons Health and Welfare Trust Fund for Northern California, Board of Trustees of the Cement Masons Vacation-Holiday Trust Fund for Northern California, Board of Trustees of the Cement Masons Pension Trust Fund for Northern California, and Board of Trustees of the Cement Masons Training Trust Fund for Northern California ("Cement Masons Trust Funds"),

– 1 –
STIPULATION TO STAY ACTION FOR 60 DAYS; ORDER THEREON

on the one hand, and Defendant All West Construction, Inc. ("All West Construction"), on the other hand, through their respective counsel, as to the following.

1. On April 21, 2009 Plaintiffs Cement Masons Trust Funds filed their Complaint for Damages for Breach of Collective Bargaining Agreement and For a Mandatory Injunction ("Complaint"). Plaintiffs seek to conduct an audit of Defendant All West Construction's books and records for the period June 20, 2005 through the present in connection with a certain Job otherwise known as the Waste Water Reclamation Facility Admin Project to determine if All West Construction properly reported and paid its trust fund contributions on behalf of its covered workers. Defendant All West Construction was served with the Complaint on May 1, 2009.

2. Defendant All West Construction has agreed to allow an audit, as further provided for herein, without waiving any of its legal rights and remedies. Defendant All West Construction agrees to allow auditors selected by the Plaintiffs to appear at Defendant's business location and audit the relevant books and records of Defendant. There was a delay in conducting the audit, due to no fault of Defendant All West. The inspection and audit shall be conducted and completed by October 16, 2009. Plaintiffs' auditor shall contact Defendant All West Construction to arrange for a mutually convenient time for the audit. The parties agree that if there is any issue or problem regarding the audit process, the parties will meet and confer and if they are still unable to resolve any dispute regarding the audit process, the parties will jointly notify this Court and request a conference with this Court.

///
///
///
///
///
///
///
///

— 2 —
STIPULATION TO STAY ACTION FOR 60 DAYS; ORDER THEREON

3. Once the audit is completed, Plaintiffs Cement Masons Trust Funds will share the preliminary audit results with Defendant and give Defendant an opportunity to review and discuss the audit results with Plaintiffs Trust Funds. The parties further agree to a stay of the above proceedings for 60 days so that the audit can be completed, the audit results provided to Defendant, and the parties can have an opportunity to meet and confer in an attempt to resolve any dispute regarding the audit results.

4. If the audit and/or other negotiations between the parties hereto resolve the claims of Plaintiffs to their satisfaction, Plaintiffs will promptly seek a dismissal of this action in its entirety.

DATED: September 21, 2009

BULLIVANT HOUSER BAILEY PC


By _____/s/_____
    Ronald L. Richman
    Susan J. Olson

Attorneys for Plaintiffs
Cement Masons Trust Funds

DATED: September 21, 2009

HAWKINS – BOHMAN


By _____/s/_____
    Scott C. Hawkins

Attorneys for Defendant
All West Construction, Inc.

– 3 –
STIPULATION TO STAY ACTION FOR 60 DAYS; ORDER THEREON

## ORDER

The parties having submitted this Stipulation To Stay Case for 90 days and good cause appearing:

IT IS HEREBY ORDERED that this case be stayed for 60 days and that dates set forth in this Court's Order Setting Initial Case Management Conference and ADR Guidelines be vacated, as well. The audit shall proceed pursuant to the Stipulation, above. The Case Management Conference will be rescheduled for December 4, 2009 in Courtroom 11, 19th Floor, at 1:30 p.m. The parties are required to submit a Joint Case Management Conference Statement seven (7) days prior to the new Case Management Conference advising this Court as to the status of the audit and the parties' informal attempts to resolve any dispute regarding the results of audit.

DATED: September 21, 2009

By *Jeffrey S. White*
HON. JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

11977744.1